**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00541-REB-KLM

MATTHEW F. HALE,

    Plaintiff,

v.

JOHN ASHCROFT, individually and in his official capacity, et al.,

    Defendants.

---

**ORDER RE: MOTIONS TO DISMISS AND MOTION TO
ARRANGE FOR PERSONAL SERVICE OF DEFENDANTS**

---

**Blackburn, J.**

The matters before me are (1) **Defendants' Partial Motion To Dismiss** [#27], filed September 11, 2006; (2) **F. A. Bierschbach's Motion To Dismiss** [#31], filed October 2, 2006; (3) **Harvey Church's Motion To Dismiss** [#33], filed October 18, 2006; (4) **Michael Nalley's Motion To Dismiss** [#36], filed October 20, 2006; and (5) plaintiff's **Motion To Direct the Clerk To Arrange for the Personal Service of the Defendants** [#28], filed September 28, 2006.[1]  I grant the motions to dismiss.  I grant the motion to arrange for personal service in part with respect to defendant, R. Wiley, but otherwise deny that motion.

**I. JURISDICTION**

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal

---

[1] Although these matters previously were referred to the United States Magistrate Judge for determination, with the consent of the magistrate judge, the orders of reference will be withdrawn herein.

question).

## II. STANDARD OF REVIEW

Defendants' partial motion to dismiss raises the issue of Eleventh Amendment immunity, which implicates the court's subject matter jurisdiction and, thus, must be decided under the standards of Rule 12(b)(1). See **Raccoon Recovery, LLC v. Navoi Mining and Metallurgical Kombinat**, 244 F.Supp.2d 1130, 1136 (D. Colo. 2002). A motion to dismiss under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. **Holt v. United States**, 46 F.3d 1000, 1002 (10th Cir. 1995). Because defendants' motion presents a facial attack, I must accept the allegations of the complaint as true. **Id**. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. **Henry v. Office of Thrift Supervision**, 43 F.3d 507, 512 (10th Cir. 1994); **Fritz v. Colorado**, 223 F.Supp.2d 1197, 1199 (D. Colo. 2002).

Defendant Bierschbach's and defendant Nalley's motions, as well as the remaining individual defendants' response to plaintiff's motion to arrange for personal service on them, raise issues of personal jurisdiction. Because the issue of personal jurisdiction is contested, the burden is on plaintiff to prove that jurisdiction exists as to each defendant. **Wenz v. Memery Crystal**, 55 F.3d 1503, 1505 (10th Cir. 1995). Nevertheless, at this early stage of the litigation, that burden is light, and when, as here, the motion to dismiss is decided on the papers, plaintiff need make only a *prima facie* showing that jurisdiction exists. **Id**. The non-conclusory averments of the complaint must be taken as true to the extent they are not contradicted by affidavit or declaration, and all factual disputes must be resolved in favor of plaintiff. **Id**.

Defendant Church's motion to dismiss turns on qualified immunity issues, which are determined under the standards of Rule 12(b)(6). When ruling on a motion to dismiss pursuant to this rule, I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, – F.3d –, 2007 WL 1969681at *3 (10th Cir. July 9, 2007) at *3 (quoting ***Bell Atlantic Corp. v. Twombly***, – U.S. –, 127 S.Ct. 1955, 1969, 1974, – L.Ed.2d – (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[2]

---

[2] Until recently, the standard of review for a motion under Rule 12(b)(6) was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ***Beedle v. Wilson***, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Tenth Circuit has noted that the relationship between the standard announced in ***Bell Atlantic Corp.*** and the Supreme Court's contemporaneous decision in ***Erickson v. Pardus***, – U.S. –, 127 S.Ct. 2197, 2200, – L.Ed.2d – (2007), in which the Supreme Court upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear. *See* ***Alvarado v. KOB-TV, L.L.C.***, – F.3d –, 2007 WL 2019752 at *3 n.2 (10th Cir. July 13, 2007).

Under all these standards of review, I remain mindful that plaintiff is proceeding *pro se*, and thus his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005) (quoting **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, I will overlook structural and syntactical errors and irregularities in plaintiff's pleadings. **Id.** Nevertheless, it is not my proper role to serve as plaintiff's attorney by constructing arguments he has not advanced or searching the record for facts he has not brought forth in support of his claims. **Id.**

### III.  ANALYSIS

Plaintiff is a federal prisoner currently housed at the United States maximum security penitentiary in Florence, Colorado ("ADX"). Finding that there was a "substantial risk that [plaintiff's] communications or contacts with other persons could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons," 28 C.F.R. § 501.3(c), the Attorney General requested that plaintiff be placed under certain "Special Administrative Measures" ("SAMs"). The SAMs, which substantially restrict plaintiff's access to the mails, the media, the telephone, and visitors, have been extended each year since they were first implemented on February 24, 2003. Additionally, on April 7, 2005, after plaintiff was found to knowingly have violated the SAMs by dictating a statement to his mother for publication to the news media, his telephone and visitation

---

Nevertheless, my decision with respect to the 12(b)(6) motion would be the same under either the old **Conley v. Gibson** "no set of facts" standard or the **Bell Atlantic Corp.** plausibility standard.  See **id.**

4

privileges were revoked for one year.[3]  When the SAMs next came up for review in March, 2006, they were expanded to restrict plaintiff's non-legal correspondence.[4] Separately from but in addition to the SAMs, plaintiff further complains that ADX x-rays his meals, does not allow him physical access to a law library, and prohibits him from viewing any television channel that broadcasts news or from receiving any newspaper other than *USA Today*.

In this lawsuit plaintiff alleges violations of his rights to due process and equal protection under the Fifth Amendment, to free speech and free association under the First Amendment, and to be free from unreasonable searches under the Fourth Amendment, as well as a claim for conspiracy to violate his civil rights under 42 U.S.C. § 1985(3), and a state law claim of battery.  He seeks declaratory, monetary, and injunctive relief.

### A. ELEVENTH AMENDMENT

Plaintiff concedes that the Eleventh Amendment bars his constitutional claims for monetary damages against the Federal Bureau of Investigation, the Federal Bureau of Prisons ("BOP"), and ADX, as well as against the nine individual defendants to the extent they are sued in their official capacities.  Accordingly, Claims One, Two, Three, Four, and Five will be dismissed to the extent they seek money damages against the institutional defendants and the individual defendants in their official capacities.

---

[3] In addition, 13 days of good time credit were disallowed.

[4] Plaintiff may send no more than three 8½ " x 11" double-sided pieces of paper once per calender week to a single recipient, and may correspond only to immediate family members.

Defendants further claim that the pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, the United States is the only proper defendant with respect to Claim Six, which alleges a state law tort claim of battery against defendants the BOP, ADX, Church, and Wiley. *See* **F.D.I.C. v. Meyer**, 510 U.S. 471, 476-77, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994). It is clear that the BOP and ADX cannot be sued in their own names on this claim. 28 U.S.C. § 2679(a). Moreover, with respect to the individual defendants, the Attorney General has provided the certification contemplated by 28 U.S.C. § 2679(d)(1) (*see* **Notice of Substitution** [# 34], filed October 18, 2006), and the Clerk of the Court has taken the steps necessary to add the United States as a party (*see* **Docket Annotation** [#39], filed November 3, 2006). *See also* ***Salmon v. Schwarz***, 948 F.2d 1131, 1143 (10th Cir. 1991) ("Upon such certification, the substitution becomes mandatory."); **Robinson v. Marano**, 79 F.Supp.2d 96, 97 (N.D.N.Y. 2000) ("The substitution of the United States as the defendant is an automatic consequence of the U.S. Attorney's . . . certification."). Thus, the motion will be granted on this ground as well.

## B.  PERSONAL JURISDICTION

Defendant Bierschbach and defendant Nalley both contend that they lack sufficient minimum contacts with the State of Colorado to support the exercise of personal jurisdiction over them in their individual capacities in this district. Similarly, in their response to plaintiff's motion seeking to effectuate personal service on them, defendants Ashcroft, Gonzales, Watts, Lappin, and Hawk Sawyer argue also that the motion should be denied because of lack of personal jurisdiction over them in this

district.[5]  I agree.

Plaintiff attempts to make out a case for personal jurisdiction over these defendants by arguing that each of them authorized or implemented policies or restrictions knowing that the effects of those policies would be felt by him in Colorado. There are at least two infirmities in this argument.  First, the mere fortuity of a plaintiff's physical location alone is never sufficient to establish the minimum contacts with the forum state necessary to assert personal jurisdiction.  *See* **Trierweiler v. Croxton & Trench Holding Corp.**, 90 F.3d 1523, 1534 (10th Cir. 1996) ("[T]he mere foreseeability of causing injury in another state is insufficient to establish the required contacts.") (citation and internal quotation marks omitted); *see also* **Hill v. Pugh**, 75 Fed. Appx. 715, 719 (10th Cir. Sept. 11, 2003) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state."). Second, the actions on which plaintiff relies in support of his allegations of personal jurisdiction all clearly were taken by defendants in their capacities as federal officials and employees.[6]  Such actions do not suffice to establish minimum contacts for purposes of an individual capacity suit against a federal employee.  **Trujillo v. Williams**, 465 F.3d 1210, 1218 n.9 (10th Cir. 2006) (citing **Ali v. District of Columbia**, 278 F.3d 1, 7 (D.C. Cir. 2002)).

For these reasons, defendants Bierschbach's and Nalley's motions to dismiss

---

[5] The government does not object to personal service on defendant Wiley, who is a resident of Colorado.

[6] This pertains equally to plaintiff's assertion that defendant Nalley visits ADX regularly, as there is no allegation that he does so other than in his official role as Regional Director of the BOP.  **See Crowder v. Whalen**, 1998 WL 8232 at *2 (10th Cir. Jan. 12, 1998).

7

will be granted and the claims against them in their individual capacities dismissed. Similarly, plaintiff's motion will be denied insofar as it seeks to require the Clerk or Marshal to personally serve defendants Ashcroft, Gonzales, Watts, Lapin, and Hawk Sawyer. Moreover, because this court lacks personal jurisdiction over defendants Ashcroft, Gonzales, Watts, Lapin, and Hawk Sawyer, I will *sua sponte* dismiss plaintiff's claims against those defendants in their individual capacities.

### C. QUALIFIED IMMUNITY

Finally, defendant Church, a captain at ADX, moves to dismiss Claims Two, Four, and Five as against him in his individual capacity pursuant to Rule 12(b)(6), arguing that he is entitled to qualified immunity from suit.[7] Government officials are immune from civil liability unless their actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also* **Herring v. Keenan**, 218 F.3d 1171, 1175 (10th Cir. 2000), **cert. denied**, 122 S.Ct. 96 (2001). To overcome this immunity, plaintiff must establish both that Church violated his rights under federal law and that such rights were clearly established at the time of the violation. **Greene v. Barrett**, 174 F.3d 1136, 1142 (10th Cir. 1999).

Claim Two of plaintiff's complaint alleges that Church has violated plaintiff's rights under the Fifth Amendment to equal protection of the laws "by treating me unequally and adversely as a result of the SAM." (Complaint at 19, ¶ 35.) Under this

---

[7] Church also was originally named as a defendant with respect to Claim Six. As noted above, the United States has been substituted as the defendant on that state law tort claim as required by the FTCA. *See* **supra**, Pt. III(A).

8

same rubric, he also complains of Church's involvement in x-raying his food.  "Equal protection is essentially a direction that all persons similarly situated should be treated alike."  **Fogle v. Pierson**, 435 F.3d 1252, 1260 (10th Cir.), **cert. denied**, 127 S.Ct. 675 (2006) (citation and internal quotation marks omitted).  Thus, to make out a claim, plaintiff must be able to demonstrate that he is similarly situated to inmates who are not subject to SAMs or whose food is not x-rayed.[8]  See **id**. at 1261; **Barney v. Pulsipher**, 143 F.3d 1299, 1312 (10th Cir. 1998).  This he cannot do.  An inmate subject to the restrictions under which plaintiff labors is not similarly situated to inmates in the general prison population.  "'[A prisoner's] claim that there are no relevant differences between him and other inmates that reasonably might account for their different treatment is not plausible or arguable.'"  **Fogle**, 435 F.3d at 1261 (quoting **Templeman v. Gunter**, 16 F.3d 367, 371 (10th Cir. 1994)) (alteration in **Fogle**).  Plaintiff's inability to plead a plausible constitutional violation in the first instance dooms this claim.  See **Siegert v. Gilley**, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

Yet even if plaintiff could establish that the SAMs and the x-raying of his food violate his equal protection rights, Church would be entitled to qualified immunity as to this claim.  I have found no case from any federal court anywhere in the country that has even considered the question whether imposing SAMs on an inmate or exposing an inmate's food to x-rays violates his Fifth Amendment equal protection rights, much less clearly establishing that it does so.  See **Murrell v. School District No. 1, Denver, Colorado**, 186 F.3d 1238, 1251 (10th Cir. 1999) (law is considered clearly established

---

[8] This is the group that plaintiff himself insists is the relevant comparator.

9

when "a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits [has] found the law to be as the plaintiff maintains"). The motion, therefore, must be granted with respect to this claim.

Plaintiff's Claim Four asserts a violation of the Fourth Amendment against Church, claiming that his directive that all plaintiff's meals be x-rayed constitutes an unreasonable search. (Complaint at 27, ¶ 59.) Church counters that plaintiff has no reasonable expectation of privacy in the food he is served before it even reaches him, relying on the Supreme Court's decision in **Hudson v. Palmer**, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Tenth Circuit, however, has distinguished the rule of **Hudson**, in which the Court held that an inmate has not privacy interest in his prison cell, from the earlier decision of **Bell v. Wolfish**, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), noting that "[t]he prisoner's privacy interest in the integrity of his own person is still preserved under **Wolfish**[.]" **Dunn v. White**, 880 F.2d 1188, 1191 (10th Cir. 1989), **cert. denied**, 110 S.Ct. 871 (1990). I do not discount the possibility that an inmate might be able to establish that contamination of his food violates his privacy interest in bodily integrity in some circumstances.

Nevertheless, it is not plausible to think that plaintiff could establish that x-raying his meals contaminates his food or otherwise exposes him to any unreasonable health risk. See **USDA Issues Final Rule on Meat and Poultry Irradiation**, Food Safety and Inspection Service, United States Department of Agriculture (Dec. 1999), **available at** http://www.fsis.usda.gov/OA/background/irrad_final.htm (noting that exposure of meat and poultry to radiant energy, such as produced by x-rays, "does not increase human

exposure to radiation since the energy used is not strong enough to cause food to become radioactive"). Moreover, as with his Fifth Amendment claim, even if plaintiff could show that x-raying does, in fact, contaminate his food, Church would be entitled to qualified immunity, as there is no case clearly establishing that such conduct violates the Fourth Amendment. This claim, therefore, must be dismissed as against Church as well.

Plaintiff's inability to state a viable substantive constitutional claim against Church is likewise fatal to his Claim Five for conspiracy to violate his federally protected rights under 42 U.S.C. § 1985(3). *See* **Great American Federal Savings & Loan Association v. Novotny**, 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979) ("Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates.").[9] In addition, to the extent plaintiff attempts to state a viable conspiracy claim under any other "proper statute" (*see* Complaint at 29), such claim would fail as well. One key component of any conspiracy claim, whether under statute or at common law, is an agreement between two or more people. Plaintiff's complaint alleges no facts that could reasonably be construed as suggesting that Church entered into any such agreement.

**THEREFORE, IT IS ORDERED** as follows:

1. That with the consent of the magistrate judge, the orders of reference with respect to **Defendants' Partial Motion To Dismiss** [#27], filed September 11, 2006; **F.**

---

[9] Moreover, the complaint fails to aver facts to support the necessary inference that any such conspiracy was motivated by class-based, invidious, discriminatory animus. *See* **Tilton v. Richardson**, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 114 S.Ct. 925 (1994).

**A. Bierschbach's Motion To Dismiss** [#31], filed October 2, 2006; **Harvey Church's Motion To Dismiss** [#33], filed October 18, 2006; **Michael Nalley's Motion To Dismiss** [#36], filed October 20, 2006; and plaintiff's **Motion To Direct the Clerk To Arrange for the Personal Service of the Defendants** [#28], filed September 28, 2006, are **WITHDRAWN**;

    2.  That **Defendants' Partial Motion To Dismiss** [#27], filed September 11, 2006, is **GRANTED**;

    3.  That plaintiff's Claims One, Two, Three, Four, and Five are **DISMISSED WITH PREJUDICE** against defendants the Federal Bureau of Investigation, U.S. Penitentiary – Max, the Federal Bureau of Prisons, and the individual defendants in their official capacities to the extent those claims seek the recovery of money damages against those defendants;

    4.  That plaintiff's Claim Six is **DISMISSED WITH PREJUDICE** as against defendants U.S. Penitentiary – Max, the Federal Bureau of Prisons, Harvey Church, and R. Wiley;

    5.  That the United States is **SUBSTITUTED** as the party defendant with respect to plaintiff's Claim Six;

    6.  That the case caption is **AMENDED** to add the United States as a party defendant;

    7.  That **F. A. Bierschbach's Motion To Dismiss** [#31], filed October 2, 2006, is **GRANTED**;

8. That plaintiff's claims against defendant F.A. Bierschbach in his individual capacity are **DISMISSED WITHOUT PREJUDICE**;

9. That **Michael Nalley's Motion To Dismiss** [#36], filed October 20, 2006, is **GRANTED**;

10. That plaintiff's claims against defendant Michael Nalley in his individual capacity are **DISMISSED WITHOUT PREJUDICE**;

11. That **Harvey Church's Motion To Dismiss** [#33], filed October 18, 2006, is **GRANTED**;

12. That plaintiff's claims against defendant Harvey Church in his individual capacity are **DISMISSED WITH PREJUDICE**;

13. That plaintiff's **Motion To Direct the Clerk To Arrange for the Personal Service of the Defendants** [#28], filed September 28, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

14. That the motion is **GRANTED** with respect to plaintiff's request to effect service of process on defendant R. Wiley;

15. That if appropriate, the Clerk **SHALL ATTEMPT TO OBTAIN** a waiver of service from defendant R. Wiley;

16. That if the Clerk is unable to obtain a waiver of service from R. Wiley, then the United States Marshal **SHALL SERVE** a copy of the complaint, summons, and all other orders on defendant R. Wiley; provided, furthermore, that if appropriate, the Marshal shall first attempt to obtain a waiver of service of these documents pursuant to Fed.R.Civ.P. 4(d);

17. That all costs of service **SHALL BE ADVANCED** by the United States;

18. That after service of process, R. Wiley or his counsel **SHALL RESPOND** to the complaint as provided in the Federal Rules of Civil Procedure;

19. That in all other respects, plaintiff's motion [#28] is **DENIED**;

20. That plaintiff's claims against defendants John Ashcroft, Alberto Gonzales, Harrell Watts, Harley Lappin, and Kathleen Hawk Sawyer in their individual capacities are **DISMISSED WITHOUT PREJUDICE**; and

21. That the case caption **IS AMENDED** to delete the reference "individually" following the names of defendants John Ashcroft, Alberto Gonzales, Harrell Watts, Michael Nalley, F.A. Bierschbach, Harley Lappin, Harvey Church, and Kathleen Hawk Sawyer to reflect that plaintiff's claims against these defendants in their individual capacities have been dismissed.

Dated August 15, 2007, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**