IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00541-REB-KLM

MATTHEW F. HALE,

    Plaintiff(s),

v.

UNITED STATES,
JOHN ASHCROFT,
ALBERTO GONZALES,
HARRELL WATTS,
R. WILEY,
R. (I) WILEY,
MICHAEL NALLEY,
F. A. BIERSCHBACH,
FEDERAL BUREAU OF INVESTIGATION,
HARLEY LAPPIN,
HARVEY CHURCH,
U.S. PENITENTIARY - MAX
FEDERAL BUREAU OF PRISONS,
KATHLEEN HAWK SAWYER,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant United States' **Motion to Dismiss** [Docket No. 53; filed August 22, 2007] ("Motion to Dismiss"). As of the date of this Order, Plaintiff has not filed a Response to the Motion to Dismiss. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., this matter has been referred to this Court

for recommendation. The Court has reviewed the Motion to Dismiss, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully RECOMMENDS that the Motion to Dismiss be **GRANTED**.

I.      **Statement of the Case**

At the time of filing the Complaint, Plaintiff Matthew F. Hale was incarcerated at the Administrative Maximum Prison ("ADX") in Florence, Colorado. Plaintiff filed a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on March 27, 2006 [Docket No. 2]. His Sixth Claim for Relief, the only claim relevant to the instant Motion to Dismiss, alleged that Defendants Church, Wiley, ADX and Federal Bureau of Prisons committed a state law tort of battery against him because his food was x-rayed prior to being provided to him. Plaintiff alleges that "all [his] meals are x-rayed regardless of risk to my health and regardless of the lack of particularized suspicion that anyone is trying to send [him] contraband." *Complaint*, p. 16-17. Plaintiff further alleges that "the x-raying of all of [his] meals exposes [him] to the risk of cancer . . . ." *Complaint*, p. 20-21.

On October 18, 2006, the United States filed a Notice of Substitution [Docket No. 34], certifying that Defendants Wiley and Church were acting within the scope of their federal employment with the United States Bureau of Prisons at all times material to the allegations in the Sixth Claim for Relief. As such, the United States was substituted on the Sixth Claim for Defendants Wiley and Church as the Defendant on the Sixth Claim,

pursuant to 28 U.S.C. § 2679(d)(1) [Docket No. 39]. By Order dated August 15, 2007, the Court, *inter alia*, dismissed Plaintiff's Claim Six as against Defendants U.S. Penitentiary-Max, the Federal Bureau of Prisons, Harvey Church and R. Wiley and substituted the United States as the party Defendant with respect to Claim Six [Docket No. 51]. Defendant United States has filed a Motion to Dismiss the Sixth Claim [Docket No. 53]. In support of its Motion, Defendant alleges that Plaintiff has not exhausted his administrative remedies by filing an administrative tort claim, as required by the Federal Tort Claims Act ("FTCA").

## II.    Discussion

### A.    Legal Standards Applicable to Plaintiff's claims

#### 1.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Subject matter jurisdiction is the court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When reviewing a facial attack on a complaint pursuant to Fed. R. Civ. P. 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party

3

attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt,* 46 F.3d at 1002-03. Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings, including affidavits, will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.*

Because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

**B.     Analysis**

As a preliminary matter, I note that Plaintiff has failed to respond to Defendant's Motion to Dismiss. While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See, e.g.,* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond to the motion to dismiss without also considering the

4

merits of the motion. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. 2003) (unpublished decision).

Defendants assert that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies by filing an administrative tort claim, as required by the FTCA, 28 U.S.C. § 2671 *et seq.* "Federal court jurisdiction to entertain actions for damages against the United States is prescribed by 28 U.S.C. § 2675(a), which requires claimants to present their claims to the appropriate federal agency before suing the United States by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992) (quoting *Warren v. United States Dep't of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984)); *see also* 28 U.S.C. § 2401(b). An administrative claim under the FTCA must be "presented to the Federal agency whose activities gave rise to the claim." 28 C.F.R. § 14.2. The claim must be presented within two years after it accrues, and the agency must make a final determination of the claim prior to any action being instituted against the United States. *See* 28 U.S.C. §§ 2401(b) and 2675. Moreover, as the FTCA creates a waiver of the government's sovereign immunity, the requirements established by the FTCA must be strictly construed. *Cizek*, 953 F.2d at 1233 (citing *Three-M Enters., Inc. v. United States*, 548 F.2d 293, 295 (10th Cir. 1977)). The claim presentation requirements of the FTCA are jurisdictional and cannot be waived. *Three-M Enters, Inc.*, 548 F.2d at 294.

Defendant has attached as Exhibit A to its Motion to Dismiss the declaration of

Benjamin J. Brieschke, the Attorney Advisor at the United States Department of Justice, Federal Bureau of Prisons facility in Florence, Colorado. Mr. Brieschke states that he has "reviewed all of the Bureau's records pertaining to plaintiff, including but not limited to his central file, the Legal Services FTCA files, and the Bureau's Law Pac data base which contains a record of all inmates law suits and administrative claims, including FTCA claims." *Motion to Dismiss*, Ex. A, p. 3. Mr. Brieschke further states that his review of the above records "revealed that plaintiff has not filed an administrative tort claim regarding the allegations he raises in claim six of his complaint." *Id.* Plaintiff has not disputed that he has not filed an administrative tort claim regarding his allegations contained in his Sixth Claim for Relief.

A review of the record establishes that Plaintiff has failed to present proper notice of his claims to the appropriate agency within the two-year limitations period established by 28 U.S.C. § 2401(b). Plaintiff's Sixth Claim for Relief against Defendant United States should properly be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## III. Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant United States' **Motion to Dismiss** [Docket No. 53; filed August 22, 2007] be **GRANTED**.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ.

P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

                                                BY THE COURT:

                                                __s/ Kristen L. Mix_____
                                                United States Magistrate Judge

Dated: January 11, 2008