IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00541-REB-KLM

MATTHEW F. HALE,

    Plaintiff(s),

v.

JOHN ASHCROFT,
ALBERTO GONZALES,
HARRELL WATTS,
R. WILEY,
R. (I) WILEY,
MICHAEL NALLEY,
F. A. BIERSCHBACH,
FEDERAL BUREAU OF INVESTIGATION,
HARLEY LAPPIN,
HARVEY CHURCH,
U.S. PENITENTIARY - MAX
FEDERAL BUREAU OF PRISONS,
KATHLEEN HAWK SAWYER,

    Defendant(s).
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on *pro se* Plaintiff's **Motion for Immediate Preliminary Injunction** [Docket No. 63; Filed April 28, 2008] (the "Motion"). Defendants filed a response on May 19, 2008 [Docket No. 65], and Plaintiff filed a reply on June 9, 2008 [Docket No. 66]. Although Plaintiff's reply is untimely pursuant to D.C. Colo. L. Civ. R. 7.1(C), the Court elects to consider it given that Plaintiff is proceeding *pro se*. The Motion requests that the Court immediately enjoin Defendants from imposing Special

1

Administrative Measures ("SAMs") which allegedly impinge on Plaintiff's constitutional rights, inhibit communications with his attorney in an unrelated habeas matter, and prevent correspondence between him and his family members.

Plaintiff is a prisoner at the United States Penitentiary, ADMAX, in Florence, Colorado ("ADX"). Given his *pro se* status, the Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the *pro se* party's advocate and must nevertheless deny a motion that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

The Court has reviewed the Motion, the relevant pleadings, the case file, and applicable case law and is sufficiently advised in the premises. The Court finds that a hearing will not materially assist in resolving the Motion. For the reasons provided below, I respectfully recommend that the Motion be **DENIED**.

By way of giving context to the Motion, the Court provides the following case background. On March 27, 2006, Plaintiff filed a complaint asserting *Bivens* claims against the above-named Defendants [Docket No. 2]. He claims that the SAMs imposed upon him by virtue of his classification as a national security risk violate his First, Fourth, and Fifth Amendment rights. *Complaint* [#2] at 11-28, 37. SAMs are imposed pursuant to 28 C.F.R. § 501.3, which authorizes the United States Attorney General to direct the Director of the Bureau of Prisons to implement measures designed to prevent communications from being passed from a specific federal prisoner to others. SAMs are reserved for those prisoners found to have a "proclivity for violence" or those found to create a "substantial risk [of] communications or contacts with persons [which] could result in death or serious bodily

injury." *Complaint* [#2] at 37. Specifically, a SAMs designation necessarily means that the prisoner has "restrict[ed] access to mail, the media, the telephone, and visitors," including attorneys and family members, to a greater extent than nondesignee prisoners. *Id.* at 7-9, 37-38. In his complaint, Plaintiff seeks a declaratory judgment that SAMs are unconstitutional on their face and as applied to him, as well as the imposition of a preliminary injunction, a permanent injunction, and an award of money damages. *Id.* at 32-34.

In the present Motion, Plaintiff contends that (1) "[D]efendants have subjected his person to unconstitutional, and hence illegal so-called . . . 'SAMs'"; (2) Defendants have recently "interfered with Plaintiff's access to his habeas corpus attorney"; and (3) "Plaintiff was informed that he can no longer even write a letter to his family members due to the whim of FBI Agent Neil Hoener who is suddenly 'interpreting' the SAMs to allow him to block Plaintiff from doing so." *Motion* [#63] at 2. As an initial matter, the Court notes that Agent Hoener is not a party to this action, but to the extent that an injunction against Defendants could provide the relief that Plaintiff is seeking, the Court elects to consider Plaintiff's third contention on the merits.

I find that Plaintiff is unable to meet his significant burden to show that a preliminary injunction is warranted. A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction,

if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a preliminary injunction that would dramatically alter the status quo, i.e., removal of the restrictions that limit Plaintiff's communications with the outside world and his fellow inmates. In addition, although a preliminary injunction would not afford Plaintiff all the relief that he could recover were his case successful at trial, it would provide the primary relief that Plaintiff is seeking. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

First, Plaintiff must show that he will suffer irreparable injury if his request for injunctive relief is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be

4

certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted).

Here, Plaintiff asserts one general and two specific injuries: (1) the imposition of the SAMs in general; (2) the recent prohibition from communicating with his habeas attorney; and (3) the recent prohibition from communicating with his family members. *Motion* [#63] at 2; *Reply* [#66] at 2. The Court will address each alleged injury separately and in reverse order.

As to Plaintiff's contention that his SAMs restrictions are now being interpreted to deny him the ability to communicate with his family members, Plaintiff notes in his reply that he is no longer being prevented from communicating with his family members outright. *Reply* [#66] at 1-2. As such, the alleged injury Plaintiff sought to remedy no longer exists. Further, to the extent that Plaintiff sought a remedy exclusively against nonparty Agent Hoener, injunctive relief against Defendants would be futile. Where "entry of injunctive relief in [Plaintiff's] favor would have no effect on the [D]efendants' behavior," either because a claim is moot or the Court has no jurisdiction over the wrongdoer, Plaintiff's motion for preliminary injunction must be denied. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

As to Plaintiff's contention that he is currently being denied access to his habeas attorney, while this specific allegation is not contained within his complaint, he may assert

5

a denial of access to counsel at any time. *See Ayyad v. Gonzales*, No. 05-cv-02342, 2008 WL 203420, at *3 (D. Colo. Jan. 17, 2008). In any event, Plaintiff does cite a general denial of access to counsel in his complaint. *Complaint* [#2] at 7. In his Motion, Plaintiff contends that Defendants "have interfered with Plaintiff's access to his habeas corpus attorney." *Motion* [#63] at 2. In his reply, he provides further detail regarding the alleged deprivation, specifically indicating that "Plaintiff was denied access to his attorney for a period of ten days during an especially critical period of Plaintiff's effort to obtain exoneration from crimes he did not commit in the first place." *Reply* [#66] at 2-3. The Court finds that Plaintiff has failed to articulate an actual injury. He does not indicate that he was prevented from filing any pleadings or that any negative consequences flowed from this alleged ten-day deprivation. Further, because the injury is not ongoing, a preliminary injunction would not remedy any injury, and would therefore be inappropriate. *See Green*, 108 F.3d at 1300.

As to Plaintiffs' contention that he is being unconstitutionally deprived of protected rights by virtue of the imposition of SAMs, the Court agrees that the alleged deprivation of these rights is a serious concern. At its heart, Plaintiff's complaint alleges a deprivation of First Amendment freedoms of speech and association. It is clear that Plaintiff's First Amendment interests are in fact being impaired pursuant to the SAMs. The United States Supreme Court has held that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, at 373 (1976); *see also Ayyad*, 2008 WL 203420, at *9 (extending *Elrod*'s holding to the loss of any constitutional freedoms, specifically noting its application to the deprivation of Fifth Amendment rights). This holding has been found to apply to inmates who necessarily have their First Amendment rights curtailed to some degree every day. *See*

*Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001); *Abu-Jamal v. Price*, 154 F.3d 128, 135-36 (3d Cir. 1998); *Beerheide v. Zavaras*, 997 F. Supp. 1405, 1410 (D. Colo. 1998).

Defendants contend that because SAMs still allow Plaintiff to communicate with family members, attorneys, and inmates as well as to access the outside world through the use of approved mass media, television, and radio, he cannot establish an irreparable injury. *Response* [#65] at 6. In light of *Elrod* and its progeny, Defendants' argument is unpersuasive. Pursuant to those authorities, Plaintiff has made a showing of irreparable injury regarding the alleged deprivation of his communication and association rights. *See also* 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2948.1, at 161 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."). Nevertheless, Plaintiff's Motion must be denied because he cannot establish the remaining requirements for entry of a preliminary injunction.

Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. While Plaintiff contends that "defendants [would] suffer no harm at all if Plaintiff once more possesses the same rights possessed by other inmates," *Motion* [#66] at 5, the Court finds this conclusory statement to be without support. Plaintiff was convicted of soliciting the murder of a Federal District Court Judge and was found by the Attorney General to be a substantial risk to the safety others. *Response* [#65] at 1; *Complaint* [##2 & 2-2] at 37-39 &1-20; *February 21, 2006 Letter* [#55-2] at 1. At this preliminary stage of the case, it appears that Plaintiff's SAMs were imposed in accordance with 28 C.F.R. § 501.3 and

7

based upon information which justified both their initial imposition and their extension. Indeed, since that initial finding in 2003, the imposition of SAMs has been reassessed and extended each year. *Response* [#65] at 2. A change in the status quo would significantly impact and potentially harm Defendants who seek to maintain order in their facilities and among inmates. I find that the alleged harm to Plaintiff is outweighed by the potential damage to Defendants were the Court to grant a preliminary injunction.

Further, an injunction preventing Defendants from imposing SAMs on Plaintiff would also be adverse to the public. If Plaintiff is given access to the outside world to the extent normally provided to other inmates, he would have the ability to commit the very conduct Defendants hope to prevent by imposing SAMs. For instance, Plaintiff was convicted of soliciting the murder of a public figure. Limiting his communications to immediate family members, attorneys who have been screened, and certain inmates, as well as preventing him from accessing certain media is intended to ensure that he cannot solicit the harm of other individuals. Plaintiff has demonstrated a lack of respect for human life given his convicted crime, and this Court finds that the danger of an adverse public impact from a hasty termination of SAMs weighs against granting a preliminary injunction.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Id.* Plaintiff brings First, Fourth, and Fifth Amendment challenges to the imposition of SAMs.[1] However, in relation to the present Motion, Plaintiff's analysis of this factor is limited to whether he would succeed on the merits of his Fifth Amendment due

---

[1] Plaintiff also brings a conspiracy claim pursuant to 42 U.S.C. §1985. *Complaint* [#2] at 29. However, in response to one of the pending Motions to Dismiss [Docket No. 55], Plaintiff acknowledges that his § 1985 claim cannot survive [Docket No. 60].

process claim, alleging only that "since the SAMs were imposed without a prior hearing, Plaintiff clearly will prevail on his claim that the defendants have violated his due process rights." *Reply* [#66] at 4. By contrast, Defendants limit their analysis on this issue to whether Plaintiff would prevail on his First Amendment claim. *Response* [#65] at 3-7. Neither analyzes whether Plaintiff would prevail on his Fourth Amendment or Fifth Amendment equal protection claims. Because it is Plaintiff's burden to justify the issuance of a preliminary injunction, the Court construes against him his failure to address the likelihood of success of his First Amendment, Fourth Amendment, and Fifth Amendment equal protection claims and, except as set forth above, does not analyze those claims as the basis for issuance of a preliminary injunction.

As to Plaintiff's Fifth Amendment due process claim, the Court notes that pursuant to 28 C.F.R. § 501.3, no advance hearing is required prior to imposition of SAMs. However, the prison administrative grievance process is available to Plaintiff. 28 C.F.R. § 501.3(e). Plaintiff has not addressed in his Motion or Reply whether the availability of this process impacts his alleged claims, but the Court notes that in prior pleadings he contends that he has no meaningful opportunity to seek review of the SAMs classification. *Complaint* [#2] at 10; *Response to Motion to Dismiss* [#60] at 7. The Tenth Circuit has addressed the availability of the administrative grievance process in relation to SAMs and held that it is not a meaningless avenue for challenging SAMs because Bureau of Prison officials have discretion to modify SAMs imposed. *Yousef v. Reno*, 254 F.3d 1214, 1220-24 (10th Cir. Colo. 2001).

While the Court does not pass judgment on whether the imposition of SAMs without a hearing is in fact unconstitutional or whether Plaintiff's claims may survive the motions

to dismiss which are pending, the constitutionality of SAMs imposed pursuant to 28 C.F.R. § 501.3 has been upheld in various other contexts despite the fact that the regulation does not require that a hearing be provided. *See generally United States v. El-Hage*, 213 F.3d 74, 81-82 (2d Cir. 2000); *Basciano v. Lindsay*, 530 F. Supp. 2d 435, 448-51 (E.D.N.Y. 2008); *United States v. Ali*, 396 F. Supp. 2d 703, 707-10 (E.D. Va. 2005); *United States v. Hashmi*, No. 06 Cr. 442 (LAP), 2008 WL 216936, at **8-9 (S.D.N.Y. Jan. 16, 2008) (unpublished decision). Further, the Court notes that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights" such that a prisoner's conditions of confinement do not necessarily implicate constitutional deprivations. *See Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979). Although Plaintiff suggests that he cannot be subjected to SAMs, which he characterizes as an atypical hardship, without first being provided a hearing, he cites to no cases which hold that due process can *only* be satisfied if a hearing is provided. The requirements of due process are "flexible and cal[l] for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The reasonableness of a particular action necessarily turns on the private interest involved, the risk of erroneous deprivation of that interest as well as whether substitute procedures are reasonable, and the Government's interest and burden. *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). Plaintiff has not adequately addressed the substantial likelihood of success on the merits in relation to the issue of whether imposition of SAMs violated his due process rights, and the Court declines to do so here.

The Court finds that Plaintiffs' conclusory assertions that SAMs are atypical and that the lack of a hearing automatically entitles him to relief fail to articulate a *substantial* likelihood of success on the merits. *See Hall*, 935 F.2d at 1110 (holding that a *pro se*

litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that unverified, conclusory allegations will not support a motion for injunctive relief).

As noted above, in relation to Plaintiff's claims that he is presently being denied access to his family members and his habeas attorney, Plaintiff has failed to articulate an ongoing injury and therefore his success on the merits of these claims is sufficiently in doubt. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). As such, Plaintiff has not demonstrated a substantial likelihood of success on the merits of any of his claims.

In summary, Plaintiff has failed to satisfy three of the four prerequisites to obtaining a preliminary injunction. Accordingly, I respectfully **RECOMMEND** that the Motion [Docket No. 63] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 24, 2008

                                                       BY THE COURT:

                                                     s/ Kristen L. Mix
                                                     United States Magistrate Judge
                                                     Kristen L. Mix