# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00541-PAB-KLM

MATTHEW F. HALE,

    Plaintiff,

v.

JOHN ASHCROFT, in his official capacity,
ALBERTO GONZALES, in his official capacity,
HARRELL WATTS, in his official capacity,
R. WILEY, in his official capacity,
MICHAEL NALLEY, in his official capacity,
F.A. BIERSCHBACH, in his official capacity,
FEDERAL BUREAU OF INVESTIGATION,
HARLEY LAPPIN, in his official capacity,
HARVEY CHURCH, in his official capacity,
U.S. PENITENTIARY - MAX
FEDERAL BUREAU OF PRISONS, and
KATHLEEN HAWK SAWYER, in her official capacity,

    Defendants.

---

## PROTECTIVE ORDER

---

Defendants filed a Motion for Entry of Protective Order, requesting that the use of certain documents, materials and information produced to Plaintiff and/or generated in the course of this litigation be limited to this litigation, and that Plaintiff be precluded from disclosing such documents and information to persons not parties to this litigation. Defendants believe that such documents and/or information may be protected by the Privacy Act of 1974, is exempt under the Freedom of Information Act, or otherwise contains sensitive information that could impact law enforcement or prison security. I find that good cause has been shown for the granting of this Protective Order. Accordingly, it is hereby

ORDERED that

1.  This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and any other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to release to Plaintiff and to the Court government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain. This Protective Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Materials containing Privacy Act protected information will be marked "confidential."

4.  In addition, certain materials produced to Plaintiff and/or generated in the course of this litigation may implicate prison security and safety and/or law enforcement techniques or investigations. Certain other materials contain information that is exempt under the Freedom of Information Act. Such documents and materials also will be marked "confidential."

5.  Materials marked "confidential" may be presented to the Court only under seal. If Plaintiff wishes to attach to a pleading materials marked "confidential" pursuant to this Protective Order, Plaintiff must submit the materials for filing under seal with the appropriate Motion to Seal pursuant to D.C.COLO.LCivR 7.2.

6. Plaintiff may object to the designation of particular confidential information by giving written notice to Defendants. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, Plaintiff shall file an appropriate motion requesting that the court determine whether the disputed information should be marked as confidential pursuant to this Protective Order. Prior to obtaining leave of Court (or of Defendants' counsel), portions of any filings that contain documents designated as "Confidential" may not be filed publicly, but must be filed under seal.

7. Plaintiff shall segregate all materials produced to Plaintiff in the course of this litigation. Personnel from the Federal Bureau of Prisons will assist Plaintiff in segregating these materials.

8. Within 30 days of the conclusion of this litigation, Plaintiff shall return all documents and materials, and all copies of such documents and materials, marked "confidential" pursuant to this Protective Order.

9. In addition, Plaintiff shall segregate all materials generated by Plaintiff during the course of this litigation that include information obtained from materials marked "confidential" pursuant to this Protective Order.

10. Within 30 days of the conclusion of this litigation, Plaintiff shall destroy (or provide to Defendants) all of the segregated materials generated by Plaintiff that include information gathered from the documents and materials marked "confidential" pursuant to this Protective Order.

11. This Protective Order does not constitute a ruling on the question of whether a particular document or category of information is properly discoverable, nor does it

constitute a ruling on any potential objection to the discoverability, relevance or admissibility of any record.

12. The terms and conditions set forth herein shall not apply to the disclosure of any information subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not serve as precedent for adopting any procedure with respect to the disclosure of any such information.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

DATED this 26Th day of February, 2009.

BY THE COURT:

_____
United States Magistrate Judge

14. No party or other person shall disclose documents and materials marked "confidential" pursuant to this Order to anyone other than his/her attorney(s), if any, and/or the Court.

4