IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00541-PAB-KLM

MATTHEW F. HALE,

    Plaintiff(s),

v.

JOHN ASHCROFT,
ALBERTO GONZALES,
HARRELL WATTS,
R. WILEY,
MICHAEL NALLEY,
F. A. BIERSCHBACH,
FEDERAL BUREAU OF INVESTIGATION,
HARLEY LAPPIN,
HARVEY CHURCH,
U.S. PENITENTIARY - MAX
FEDERAL BUREAU OF PRISONS,
KATHLEEN HAWK SAWYER,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Stay Proceedings** [Docket No. 113; Filed February 27, 2009] ("Defendants' Motion") and **Plaintiff's Motion for Sanctions for Failure to Obey Court's Order Regarding Discovery** [Docket No. 106; Filed February 5, 2009] ("Plaintiff's Motion"). The Motions have been fully briefed and are ripe for resolution.

Considering Defendants' Motion first, Defendants argue that the case should be stayed for a period of sixty days or until resolution of the pending Motion to Dismiss [#121] based on the jurisdictional issue of mootness. *Motion* [#113] at 3; *Reply* [#122] at 2.

Specifically, this case deals with the imposition of Special Administrative Measures ("SAMs") which allegedly impinge on Plaintiff's constitutional rights by inhibiting his communication with the outside world, including with family and friends. After briefing of initial motions to dismiss, the only claims that remain are official capacity injunctive and declaratory claims related to SAMs. As of February 25, 2009, Plaintiff's SAMs were not renewed [Docket No. 113-2]. Accordingly, Defendants contend that Plaintiff's remaining claims are moot. *Motion to Dismiss* [#121] at 7-10. Plaintiff argues that the SAMs were removed in name only and that he still suffers from certain communication deprivations. *Response* [#120] at 1-3.

IT IS HEREBY **ORDERED** that Defendants' Motion [#113] is **GRANTED** for the reasons set forth below.

Although the stay of a case is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Moreover, a stay is appropriate if "resolution of a preliminary motion *may* dispose of the entire action." *Nankivil*

*v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (emphasis added) (citation omitted).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. Here, Defendants filed a Motion to Dismiss which seeks to completely dismiss Plaintiff's claims against them on the ground of mootness. Courts have routinely recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See, e.g.*, *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). On balance, the Court finds that the potential harm to Plaintiff is outweighed by the burden on Defendants in moving forward with this case while their Motion to Dismiss is pending.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the Court to reach a different result. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised

3

at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Likewise, the imposition of a stay pending the decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further case proceedings]." *Chavous*, 201 F.R.D. at 5. Finally, the Court is unpersuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED**, including the deadlines set forth in the Scheduling Order [#92], until such time as the Motion to Dismiss [#121] is resolved.

Considering Plaintiff's Motion, Plaintiff contends that Defendants should be sanctioned for their failure to timely respond to his discovery requests. *Motion* [#106] at 1-3. Specifically, pursuant to a Court Order, Defendants were required to respond to Plaintiff's Request for Production of Documents by January 16, 2009 [Docket No. 102]. Defendants did not do so, nor did they move for a further extension of time. *Reply* [#116] at 1-3. Plaintiff argues that given this failure, Defendants should be sanctioned "by barring them from using any of the documents that Plaintiff requests in his Request for Production of Documents for purpose of any further proceedings in this case, including any summary judgment motions and at trial." *Motion* [#106] at 4. Defendants admit that they did not timely respond to Plaintiff's discovery requests and argue that (1) they filed a motion for protective order on January 22, 2009 which stayed their responsibility to comply with the requests; (2) they were delayed in providing documents not the subject of the protective

4

order due to defense counsel's press of business in another matter; and (3) responses to the requests were more difficult to prepare in a timely fashion than expected. *Response* [#110] at 1-3.

I find that Defendants' explanation for their failure to provide timely discovery responses in compliance with the Court's Order is not persuasive. As Plaintiff asserts, if the timing of Defendants' responses was an issue, Defendants should have sought relief from the Court, rather than ignoring a Court-set deadline. Moreover, the fact that Defendants filed a motion for protective order nearly a week after their responses were due does not excuse their failure to timely comply. Further, the press of business in other matters rarely, if ever, justifies a party's failure to comply with Court Orders. Defendants' counsel's conduct evidences a lack of respect for the Court and parties and will not be tolerated.

However, I further find that Plaintiff has failed to articulate any actual prejudice he suffered from the delay. Although he contends that future discovery requests he intended to propound were tied to the discovery he did not timely receive, he did not file a motion to compel and/or a motion seeking an extension of the discovery and other case deadlines. Here, given the pending Motion to Dismiss involving a potentially dispositive jurisdictional issue and the stay of the case pending the resolution of that Motion, Plaintiff's alleged inability to pursue further discovery does not appear to be an issue. Should the Motion to Dismiss be resolved in Plaintiff's favor, he may address his alleged need for additional discovery via motion at that time. On balance, while I agree that Defendants' counsel's conduct was unwarranted, I do not find that a sanction is necessary at this time. However, further violations of Court Orders will result in the imposition of sanctions. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#106] is **DENIED**.

Dated: March 24, 2009

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix