IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00541-PAB-KLM

MATTHEW F. HALE,

    Plaintiff,

v.

JOHN ASHCROFT,
ALBERTO GONZALES,
HARRELL WATTS,
R. WILEY,
MICHAEL NALLEY,
F. A. BIERSCHBACH,
FEDERAL BUREAU OF INVESTIGATION,
HARLEY LAPPIN,
HARVEY CHURCH,
US PENITENTIARY - MAX,
FEDERAL BUREAU OF PRISONS, and
KATHLEEN HAWK SAWYER,

    Defendants.
_____

**ORDER ACCEPTING RECOMMENDATION OF MAGISTRATE JUDGE**
_____

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Claims as Moot [Docket No. 121]. Plaintiff is a prisoner in the Federal Bureau of Prisons ("BOP"). The issue before the Court is whether, despite the lifting of the Special Administrative Measures ("SAMs") that the Attorney General had placed on plaintiff, plaintiff's original claims can be fairly read to challenge the effect of new BOP restrictions placed on him.

Plaintiff Matthew F. Hale filed a response to the motion to dismiss on April 10, 209 [Docket No. 125] and defendants filed a reply on April 24, 2009 [Docket No. 126].

On June 29, 2009, Magistrate Judge Kristen L. Mix entered a Recommendation of United States Magistrate Judge ("Recommendation") [Docket No. 127] recommending that the defendants' motion to dismiss be granted on two grounds: first, that the matter is moot because, on February 25, 2009, the SAMs previously placed on plaintiff were not renewed; second, because plaintiff is no longer subject to the SAMs, plaintiff no longer has standing to challenge the SAMs.

Plaintiff filed a timely objection to the Recommendation on July 9, 2009 [Docket No. 128]. Defendants filed a response [Docket No. 129] on July 23, 2009. The defendants' motion to dismiss and the Recommendation are ripe for review.

## STANDARD OF REVIEW

Because Mr. Hale is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

As noted by the magistrate judge, the defendants have mounted a factual attack on the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). As such, the Court may consider matters outside the pleadings in order to determine whether the Court has subject matter jurisdiction over this case. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Here the Court has considered two sets of facts not found in the Complaint – the lifting of the SAMs imposed on plaintiff and the imposition of new restrictions on plaintiff following the lifting of the SAMs.

## FACTUAL BACKGROUND

The following facts are undisputed:

Plaintiff Matthew Hale was sentenced to 480 months imprisonment and designated to the United States Penitentiary, ADMAX ("ADX") in Florence, Colorado. In 2003, the United States Attorney General placed certain SAMs on plaintiff, including restrictions on plaintiff's ability to send mail. The Attorney General is authorized to impose SAMs pursuant to 28 C.F.R. § 501.3. On February 25, 2009, the SAMs placed on plaintiff were removed, and the BOP moved plaintiff from the restrictive unit at ADX to a general population unit. However, although the SAMs were lifted, the BOP placed plaintiff on "Restricted General Correspondence Status" and "Restricted Mail Status" pursuant to 28 C.F.R. § 540.15 and § 540.18. The effect of these restrictions is to limit plaintiff's ability to correspond with persons other than members of his immediate family.

## ANALYSIS

Plaintiff's principal objection to the Recommendation is that the Recommendation focuses on "the source of the restrictions rather than the continued existence of the restrictions themselves." Plaintiff's Objections at 8. Plaintiff argues that his Complaint attacked the nature of the restrictions rather than the SAMs that created them and that therefore the BOP cannot render his claims moot by removing the SAMs but reimposing similar restrictions in a different guise, namely, Restricted

General Correspondence Status and Restricted Mail Status.  To resolve this issue, the Court looks to the Complaint.[1]

Claim One asserts a violation of plaintiff's Fifth Amendment right to due process. Plaintiff claims that his due process rights were violated when he did not receive a hearing before the SAMs were imposed on him.  As stated in Claim One, "[n]either Defendant B.O.P. in general nor ADX specifically have ever provided me a hearing prior to imposition or enforcement of SAM."  Complaint [Docket No. 2], at 13.  The only harm that plaintiff alleges in Claim One is that his due process rights were violated by not receiving a hearing before the BOP imposed the SAMs on him.

Claim Three asserts a violation of plaintiff's First Amendment right to freedom of speech.  Specifically, plaintiff claims that, by enforcing the SAMs on him, the BOP restricted his right to receive most newspapers and to watch television news programs and banned him from speaking to non-SAMs inmates, from receiving phone calls, and from having visits from his family.  While not as clear as Claim One, a fair reading of Claim Three is that defendants have violated his free speech rights by virtue of imposing the "measures" (i.e. SAMs) on him.

Claim Four asserts a violation of Mr. Hale's Fourth Amendment right to be free from unreasonable searches.  Specifically, plaintiff claims that a SAM denies his ability to mail correspondence to a court without the BOP opening such mail.  Claim Four therefore is directly linked to the imposition of the SAMs.

---

[1] As explained in the Recommendation, prior rulings of the Court have narrowed Mr. Hale's claims.  The only claims remaining are Claims One, Three, and Four.

4

Thus, Claims One, Three, and Four each explicitly tie the alleged constitutional violation to the imposition of the SAMs. Plaintiff argues, however, that his Complaint should be read to have put the defendants on notice that he was attacking the "restriction of his correspondence without any prior notice and opportunity to be heard. . . ." Plaintiff's Objections at 8. The Complaint cannot be read so broadly. Plaintiff appropriately made detailed factual allegations in his Complaint. These allegations put the defendants on notice that he was challenging the SAMs that imposed certain restrictions on his claimed constitutional rights. These claims, however, did not put the BOP on notice that plaintiff was objecting to any restrictions on his claimed right to receive mail, have visits, or receive newspapers. Count One is illustrative. It alleges that Mr. Hale's rights to due process were violated when he was not given a hearing before the SAMs were imposed on him. This claim cannot be read as asserting a prospective right to a hearing before similar restrictions are imposed on him or as alleging that the defendants' failure to grant him a hearing in connection with the imposition of the SAMs prohibits the defendants from ever imposing similar non-SAM restrictions on him. The constitutional deprivations alleged in Counts One, Three, and Four are directly tied to the imposition of the SAMs and cannot be read to challenge the Restricted General Correspondence Status and Restricted Mail Status that BOP has recently imposed on him.

Plaintiff asserts that the Recommendation erred in finding that plaintiff is no longer subject to SAMs. Plaintiff's Objections at 3. Plaintiff claims that "[t]he Defendants only removed <u>some</u> of the measures, leaving other measures in place. . . . The fact that the Defendants have issued paperwork calling them something else does

5

not change [this]. . . ." Plaintiff's Objection at 2-3 (emphasis in original).  However, plaintiff acknowledges that, concerning the restrictions still in place, "the Defendants dropped the SAMs label," Plaintiff's Objections at 5, and decided to "rename what is left." *Id.* at 7.  When his objections are read closely, it is clear that Mr. Hale does not dispute that the SAMs were lifted.  Rather, he asserts that the new restrictions have the same effect.

The fact that the SAMs were not renewed and therefore lifted has changed the factual and legal posture of this case.  The new restrictions on plaintiff are set forth in a table contained in the government's motion to dismiss [Docket No. 121 at 4-5].  The table compares the new restrictions to the SAMs.  Plaintiff does not dispute the accuracy of this table.  The restrictions that remain on plaintiff were imposed by the BOP (as opposed to the BOP acting at the direction of the Attorney General) pursuant to different regulatory authority.  *See* 28 C.F.R. § 540.15 and 28 C.F.R. § 540.18. Moreover, such non-SAM restrictions were imposed after plaintiff filed this Complaint and were imposed by different people.  Assuming that plaintiff exhausts his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), plaintiff retains the right to challenge the new restrictions.  *See United States v. Reid*, 369 F.3d 619, 627 (1st Cir. 2004) (noting that defendant could challenge new BOP restrictions on mail after the SAMs were lifted via separate review procedures). However, the Complaint in this case, directed specifically to the now removed SAMs and certain individuals alleged to have put the SAMs in place, is not the proper vehicle to challenge such restrictions.

6

Given that the Court concludes that the SAMs placed on Mr. Hale have been removed and that Claims One, Three, and Four cannot be read to challenge the new restrictions placed on Mr. Hale, the Court now considers whether Mr. Hale's claims are moot.  The Court agrees with the Recommendation that the lifting of the SAMs renders Mr. Hale's claims moot for the reasons stated by the Recommendation at pages 7 to 11.  As in the *Reid* case, plaintiff may still be aggrieved by government conduct, but not by the government conduct which is the basis of the Complaint.  369 F.3d at 627.  As a result, Mr. Hale lacks a "particularized, concrete stake" that would be affected by resolution of his claims.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 479 (1990).

Because the Court accepts the Recommendation regarding dismissal of plaintiff's claims on the basis of mootness, the Court need not address that part of the Recommendation recommending the dismissal of plaintiff's claims on the basis of a lack of standing.

Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No.127] is ACCEPTED.

2. All remaining counts in the Complaint are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

3.     Any other pending motions are denied as moot.

DATED August 19, 2009.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge